UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERI ALLEN DORGAN,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3367** |
| **BP PLC, ET AL.,**<br>    Defendants | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment[1] filed by Defendants, BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. Defendants seek judgment in their favor[2] on all of Plaintiff Sheri Allen Dorgan's claims, arguing that Plaintiff has "insufficient admissible evidence to connect her alleged medical conditions to exposure to oil or dispersants."[3] The motion is unopposed. Accordingly, the Court considers Defendants' statement of uncontested facts to be admitted pursuant to Eastern District of Louisiana Local Rule 56.2.[4] Although this dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Defendants are entitled to judgment as a matter of law.[5] For the reasons that follow, the motion is **GRANTED.**

## BACKGROUND

This action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. B3 cases involve "claims for personal injury and wrongful death due to

---

[1] R. Doc. 24.
[2] Throughout their pleadings, Defendants ask the Court to "dismiss" Plaintiff's claims "with prejudice." R. Doc. 24 at p. 1; R. Doc. 24-1 at pp. 1, 6. While the *effect* of summary judgment may be to dismiss a Plaintiff's claims with prejudice, what Defendants seek here is judgment in their favor in accordance with Federal Rule of Civil Procedure 56. *See Comparison of the Summary-Judgment Motion With Other Pretrial Motions*, 10A Fed. Prac. & Proc. Civ. § 2713 (4th ed.).
[3] R. Doc. 24 at p. 1.
[4] "All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement."
[5] *See, e.g, Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a).

1

exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[6]

Plaintiff sued in 2017, alleging that soon after the spill in April 2010, she was exposed to "the hydrocarbons and dispersants in the air, water[,] and land in the areas where she lived, worked, walked[,] and waded."[7] Plaintiff alleges she was "ultimately diagnosed with Benzene Toxicity, leading to Immune Disorder, Reduced Kidney Function, Stomach and Endocrine Gland Disorders, and Hypothyroidism."[8]

In May 2022, this case was severed from the multidistrict litigation docket and assigned to this Court.[9] The Court entered a Scheduling Order, which set a June 16, 2023, deadline for Plaintiff to submit her expert reports.[10] Plaintiff did not submit any such reports by that deadline nor in the time since.

On June 27, 2023, Defendants submitted this motion for summary judgment, arguing they are entitled to judgment in their favor because Plaintiff, by not introducing expert testimony, has failed to meet her burden to prove causation in this toxic tort case.[11] Plaintiff has not responded, so the motion is unopposed.

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]

---

[6] *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.).
[7] R. Doc. 1 at p. 2.
[8] *Id. See also* R. Doc. 24-2.
[9] R. Doc. 16.
[10] R. Doc. 21 at p. 8.
[11] *See* R. Doc. 24-1.
[12] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

2

"An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the nonmoving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[16]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[17] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[18]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to

---

[13] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[17] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[18] *Celotex*, 477 U.S. at 322–24.

establish an essential element of the nonmovant's claim.[19] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[20] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[21] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[22] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[23] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its

---

[19] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. and Pro. §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[20] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[21] *Celotex*, 477 U.S. at 332–33.
[22] *Id.*
[23] *Celotex*, 477 U.S. at 332–33, 333 n.3.

4

ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[24]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[25]

## LAW AND ANALYSIS

"B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response" to the oil spill[26] The plaintiff has the burden of establishing general causation and specific causation. "'First, the district court must determine whether there is general causation. Second, if it concludes . . . there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.'"[27] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[28]

"Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case."[29] Introduction of these facts, through

---

[24] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[25] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[26] Medical Settlement Section VIII(G)(3)a); *see also In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.); *accord Perkins v. BP Expl. & Prod.., Inc.*, No. 17-4467, 2022 WL 972276, at *2 (E.D. La. March 31, 2022).
[27] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)).
[28] *Id.*
[29] *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996).

5

scientific knowledge, is a firm requirement: "In a toxic tort suit such as this one, the plaintiff *must* present admissible expert testimony to establish general causation as well as specific causation."[30]

Plaintiff has not introduced any expert testimony and thus cannot prove a crucial element of her claims against Defendants. Courts have routinely granted summary judgment in favor of BP where a B3 plaintiff has failed to introduce expert testimony.[31] This Court will do the same.

## CONCLUSION

Plaintiff has not introduced expert testimony to prove the causation element of her claims, and Defendants' Motion for Summary Judgment is unopposed. Accordingly;

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.** A separate judgment will be entered in favor of Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. and against Plaintiff Sheri Allen Dorgan as to all claims.[32]

**New Orleans, Louisiana, this 20th day of February, 2024.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

**Clerk to notify via mail and e-mail:**

Sheri Allen Dorgan
4455 Clipper Cove
Destin, FL 32541
byethec2@icloud.com

---

[30] *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008) (emphasis added), *aff'd sub nom. Seaman v. Seacor Marine L.L.C.*, 326 F. Appx. 721 (5th Cir. 2009).
[31] *See* R. Doc. 24-1 at p. 6 n.13 (collecting cases).
[32] *See* R. Doc. 1.